## MUELLER et al. v. THOMAS.
### No. 8925.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Jesse G. Foster, of Raymondville, for appellants.

SMITH, J.

Appellants purchased a tract of land from appellee, for a consideration based upon certain admittedly false and material representations as to the location, value, and title of the land. The trial court directed a verdict in favor of appellants for a specific amount, much less than the sum claimed by appellants. Appellee has filed no brief, and has not in any way contested the appeal.

Appellants allege in their petition that appellee represented to them that he had just paid $50 an acre for the land, which was in fact worth $150 an acre, but which he was able to get at the reduced price through the intercession of a Mexican go-between, whom he paid $200 commission therefor; that all taxes had been paid on the land; that he had full clear title to the land. The facts were, however, that appellee had but recently purchased the land at $18.50 an acre (instead of $50), its actual market being only $15 (instead of $150); that a substantial amount of delinquent taxes were due on the land (instead of being fully paid); that the title (instead of being clear in appellee) was claimed by another who had a suit pending therefor at the time, with lis pendens

notice on record. Other material representations made at the time by appellee to appellants were shown to have been quite as false as those recited. The price paid for the land by appellants included $200 appellee claimed he had paid the Mexican as commission.

The trial court directed the jury to return a verdict of $525 in favor of appellants; this amount apparently representing the amount appellants had paid appellee to reimburse him for the alleged $200 commission, and back taxes appellants have paid on the land.

Appellants contend, and it seems properly, that they were entitled to recover the difference between the market value of the land at the time they purchased it and the price they paid for it on account of the admitted deceit of appellee. The court should have submitted to the jury the controverted issues of fraud, and such other issues as were necessary to develop the proper measure of damages under the case made by the pleadings and evidence.

To that end the judgment is reversed, and the cause remanded.